# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 1, 2015

150039

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

In re:

HONORABLE BRENDA K. SANDERS
Judge, 36th District Court
Detroit, Michigan

SC: 150039
JTC: Formal Complaint
No. 95

BEFORE THE JUDICIAL TENURE COMMISSION

_____/

On order of the Court, the Judicial Tenure Commission having issued a Decision and Recommendation, and the Respondent 36th District Court Judge Brenda K. Sanders having withdrawn her petition to reject or modify the Commission's Decision and Recommendation, we accept in part the recommendation of the Judicial Tenure Commission. With respect to Count I of the Formal Complaint, we accept the determination that the Respondent suffers from a mental disability that prevents the performance of her judicial duties. As a result, we ORDER that the Respondent be removed from office.

In December 2013, Respondent sent a letter to U.S. Attorney Barbara McQuade, requesting an investigation into certain events that occurred at the 36th District Court. She alleged that two judges had died under mysterious circumstances and that a newspaper tried to name her as a suspect in the deaths, that the Republican Party and this Court were involved in having her evicted from her residence, that this Court and the Judicial Tenure Commission had been engaged in a constant attempt to slander and defame her name, that she had been "medically harmed" because her doctors had been influenced by her employer, and that her "e-mail accounts, bank accounts, cell phones, etc. have been hacked and are currently being tracked." Respondent also noted that she feared for her safety, that she possessed a concealed weapon permit, and that she legally carried a weapon. Additionally, Respondent failed to cooperate in the scheduling of an independent psychiatric examination, including disobeying an order of this Court that she undergo such an examination. A board certified psychiatrist concluded that, due to her delusions, Respondent could not interpret reality correctly and could not make rational decisions. The psychiatrist opined that Respondent's "insight and judgment are too impaired because of her delusions, to render opinions not only in court but elsewhere, but particularly in court as a judge."

On that count, we adopt the conclusions of the Judicial Tenure Commission:

* * *

The Commission concludes that the Examiner has established by a preponderance of the evidence that Respondent suffers from a mental disability that prevents the performance of her judicial duties, as set forth in Count I of the Amended Formal Complaint. Mich Const 1963, art VI, §30; MCR 9.205(B). This conclusion is supported by Dr. Norman Miller's opinion that Respondent suffers from a psychotic disorder that affects her ability to interpret reality and make rational judgments.

* * *

Respondent's conduct breached the standards of judicial conduct, and she is responsible for the following:

a. Mental disability that prevents the performance of judicial duties, Michigan Constitution of 1963, as amended, Article 6, Section 30 and MCR 9.205(B).

We also accept the determination that the Respondent committed misconduct as described in Counts III and IV of the Formal Complaint. As we conduct our de novo review of this matter, in particular the recommended sanction pertaining to the findings of misconduct, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1291, 1292-1293 (2000). We adopt the findings and conclusions of the Judicial Tenure Commission. Respondent at all relevant times was a judge of the 36th District Court. In September 2013 Respondent falsely told her employer that she required a long-term medical leave of absence due to imminent knee surgeries. Although the medical leave was granted, the surgeries were never performed. Respondent made numerous intentional misrepresentations to the Judicial Tenure Commission regarding her medical condition and efforts to treat it, including efforts to schedule an independent medical examination. She also made false statements to the Commission regarding the scheduling of an independent psychiatric examination. Respondent also made false statements in pleadings filed in federal court and in the 36th District Court.

The standards set forth in *Brown* are also being applied to the following conclusions of the Judicial Tenure Commission, which we adopt as our own:

[T]he Commission concludes that the Examiner has established by a preponderance of the evidence a factual basis for the allegations set forth in Counts III and IV of the Amended Formal Complaint. A preponderance of the evidence at the formal hearing showed that Respondent failed to cooperate with the Commission in its investigation, and that Respondent made intentional misrepresentations to the Commission, to her employer, and to courts in which she was involved in litigation.

Respondent's conduct breached the standards of judicial conduct, and she is responsible for the following:

* * *

b.  Misconduct in office, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30 and MCR 9.205;

c.  Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30 and MCR 9.205;

d.  Failure to establish, maintain, enforce, and personally observe high standards of conduct so that the integrity and independence of the judiciary may be preserved, contrary to MCJC, Canon 1;

e.  Irresponsible or improper conduct that erodes public confidence in the judiciary, in violation of MCJC, Canon 2A;

f.  Conduct involving impropriety and appearance of impropriety, contrary to MCJC, Canon 2A;

g.  Failure to respect and observe the law and to conduct oneself at all times in a manner which would enhance the public's confidence in the integrity and impartiality of the judiciary contrary to the Code of Judicial Conduct, Canon 2B;

h.  Conduct that is contrary to justice, ethics, honesty or good morals, contrary to MCR 9.104(3);

i.  Conduct that violates the standards or rules of professional conduct adopted by the Supreme Court, contrary to MCR 9.104(4);

j.  Conduct that is prejudicial to the proper administration of justice, in violation of MCR 9.104(1);

k.     Conduct that exposes the legal profession or the courts to obloquy, contempt, censure, or reproach, contrary to MCR 9.104(2);

l.     Failure to submit to a mental examination requested by the Commission and ordered by the Michigan Supreme Court, in violation of MCR 9.207(E).

After reviewing the recommendation of the Judicial Tenure Commission, the standards set forth in *Brown*, and the above findings and conclusions, we ORDER that for the misconduct described in Counts III and IV of the Formal Complaint, the Honorable Brenda K. Sanders be removed from office.

We also find that under the unique circumstances of this case an award of costs under MCR 9.205(B) would not be appropriate.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 1, 2015

Clerk

a0624